FILED

2011 AUG 19  PM 3: 00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DARREN J. NORMAN,<br>CDCR #V-69696,<br><br>                              Plaintiff,<br><br><br>        vs.<br><br><br><br><br>R. JONES; L. GARRETT,<br><br><br><br>                              Defendants. | Civil No.    11-cv-1384 BEN (WMc)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

23          Darren Norman ("Plaintiff"), a state prisoner currently incarcerated in Calipatria State

24  Prison located in Calipatria, California, and proceeding in pro se, has filed a civil rights

25  Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated

26  by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

27  pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

28  / / /

1                                                     11cv1384 BEN (WMc)

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

1    available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion

2    to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

3    However, the entire $350 balance of the filing fees mandated shall be collected and forwarded

4    to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.

5    § 1915(b)(1).

6                                                    **II.**

7                    **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

8         The PLRA also obligates the Court to review complaints filed by all persons proceeding

9    IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

10   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

11   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

12   practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions

13   of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are

14   frivolous, malicious, fail to state a claim, or which seek damages from defendants who are

15   immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27

16   (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)

17   (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

18   § 1915A).

19        "[W]hen determining whether a complaint states a claim, a court must accept as true all

20   allegations of material fact and must construe those facts in the light most favorable to the

21   plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

22   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

23   duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dept.*, 839 F.2d

24   621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963

25   F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights

26   complaint, the court may not "supply essential elements of claims that were not initially pled."

27   *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and

28   conclusory allegations of official participation in civil rights violations are not sufficient to

1   withstand a motion to dismiss." *Id.*

2   **A.    42 U.S.C. § 1983 Liability**

3   Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

4   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

5   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

6   United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *Haygood*

7   *v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

8   **B.    Access to Courts Claim**

9   Plaintiff alleges that he has been denied access to the courts due to prison officials

10  confiscating his legal materials following a cell search. (*See* Compl. at 3.)  Prisoners do "have

11  a constitutional right to petition the government for redress of their grievances, which includes

12  a reasonable right of access to the courts." *O'Keefe v. Van Boening,* 82 F.3d 322, 325 (9th Cir.

13  1996); *accord Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds,* the Supreme

14  Court held that "the fundamental constitutional right of access to the courts requires prison

15  authorities to assist inmates in the preparation and filing of meaningful legal papers by providing

16  prisoners with adequate law libraries or adequate assistance from persons who are trained in the

17  law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). To establish a violation of the right to access

18  to the courts, however, a prisoner must allege facts sufficient to show that:  (1) a nonfrivolous

19  legal attack on his conviction, sentence, or conditions of confinement has been frustrated or

20  impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey,* 518 U.S. 343, 353-

21  55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or

22  existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at

23  348; *see also Keenan v. Hall,* 83 F.3d 1083, 1093 (9th Cir. 1996); *Vandelft v. Moses,* 31 F.3d

24  794, 796 (9th Cir. 1994); *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir. 1989).

25  Here, Plaintiff has failed to allege any actions with any particularity that have *precluded*

26  his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or

27  sentence or the conditions of his current confinement. *See Lewis,* 518 U.S. at 355 (right to

28  access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly

4

1    or collaterally, and . . . to challenge the conditions of [his] confinement"). In addition, Plaintiff

2    must also describe the non-frivolous nature of the "underlying cause of action, whether

3    anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) .

4        In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that

5    he was "so stymied" by any individual defendant's actions that "he was unable to even file a

6    complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*,

7    518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("[L]ike any other element of an access claim[,]

8    . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to

9    show that the 'arguable' nature of the underlying claim is more than hope."). Therefore,

10   Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which

11   Section 1983 relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

12                                          **III.**

13                              **CONCLUSION AND ORDER**

14       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

15       1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

16   **GRANTED**.

17       2.    The Secretary of California Department of Corrections and Rehabilitation, or his

18   designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

19   owed in this case by collecting monthly payments from the account in an amount equal to twenty

20   percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

21   each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

22   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

23   ASSIGNED TO THIS ACTION.

24       3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

25   Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

26   Sacramento, California 95814.

27   / / /

28   / / /

1    **IT IS FURTHER ORDERED** that:

2        4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

3    §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

4    from the date this Order is filed in which to file a First Amended Complaint which cures all the

5    deficiencies of pleading noted above.  Plaintiff's First Amended Complaint must be complete

6    in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants

7    not named and all claims not re-alleged in the First Amended Complaint will be deemed to have

8    been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's First

9    Amended Complaint fails to state a claim upon which relief may be granted, it may be

10   dismissed without further leave to amend and may hereafter be counted as a "strike" under 28

11   U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

12       5.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

13

14   **IT IS SO ORDERED.**

15

16   DATED: August /4, 2011

17                                                    HON. ROGER T. BENITEZ
                                                     United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28