**FILED**
NOV - 7 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN J. NORMAN, CDCR #V-69696, <br><br> Plaintiff, <br><br> vs. <br><br> R. JONES, Correctional Officer; L. GARRETT, Correctional Officer, <br><br> Defendants. | Civil No.   11-1384 BEN (WMc) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT** <br><br> [ECF No. 7] |

### I. PROCEDURAL HISTORY

Plaintiff Darren J. Norman, currently incarcerated at Calipatria State Prison ("CAL") in Calipatria, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

On August 19, 2011, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Aug. 19, 2011 Order [ECF No. 3]. However, Plaintiff was granted 45 days leave to amend his pleading. *Id.* at 6; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured." (citations omitted).)

On September 19, 2011, Plaintiff filed a Motion for Extension of Time to Amend the Complaint. *See* Pl. Mot. [ECF No. 4]. Plaintiff was granted an extension of time to file his First Amended Complaint to October 31, 2011. *See* Sept. 29, 2011 Order [ECF No. 5]. Plaintiff has now filed a second Motion for Extension of Time to Amend the Complaint [ECF No. 7]. Plaintiff claims that he has been unable to obtain access to the prison's law library.

## II. STANDARD OF REVIEW

This is Plaintiff's second request for an extension of time, and he is still proceeding without counsel. The court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In addition, "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Thus, the Court finds good cause to grant Plaintiff's request.

## III. CONCLUSION AND ORDER

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion to Extend Time to file an Amended Complaint [ECF No. 7]. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than <u>Monday, December 19, 2011</u>. Moreover, Plaintiff is cautioned that his Amended Complaint must address the deficiencies of pleading previously identified in the Court's August 19, 2011 Order [ECF No. 3], and must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIV. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

///
///
///
///

2) **IT IS FURTHER ORDERED** that should Plaintiff elect *not* to file an Amended Complaint by December 19, 2011, this case shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) without further Order of the Court.

DATED: November 15, 2011

HON. ROGER T. BENITEZ
United States District Court Judge